IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TINA L. CROTSLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:10-88 |
| ) | JUDGE KIM R. GIBSON |
| MICHAEL J. ASTRUE, ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER OF COURT

### I. SYNOPSIS

This matter comes before the Court on the parties' cross-motions for summary judgment, which have been filed pursuant to Federal Rule of Civil Procedure 56. For the reasons that follow, Plaintiff's Motion for Summary Judgment (Doc. No. 12) is **DENIED**, Defendant's Motion for Summary Judgment (Doc. No. 14) is **GRANTED**, and the decision of the Commissioner of Social Security is **AFFIRMED**.

### II. JURISDICTION AND VENUE

Jurisdiction has been invoked pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Venue is proper under 28 U.S.C. § 1391(e) because Plaintiff resides in Altoona, located in the Western District of Pennsylvania.

### III. BACKGROUND

On April 19, 2007, Plaintiff Tina L. Crotsley ("Plaintiff") filed for supplemental security income ("SSI") benefits under Title XVI of the Social Security Act, 42 U.S.C. § 401 *et seq.* alleging

1

disability beginning April 11, 2007. (Doc. No. 6-2 at 10). The claim was initially denied on July 12, 2007, and Plaintiff filed a written request for a hearing before an Administrative Law Judge ("ALJ"). (*Id.*). A hearing was conducted before ALJ John J. Mulrooney II on September 25, 2008, who denied Plaintiff's claim by decision dated October 9, 2008. (*Id.*). Because the Appeals Council subsequently denied Plaintiff's request for review, the ALJ's decision became the final determination of the Commissioner of Social Security ("Commissioner") in this matter.

Plaintiff commenced the instant action on March 29, 2010, seeking judicial review of the Commissioner's decision. (Doc. No. 3). Both parties moved for summary judgment, (Doc. Nos. 12, 14), the issues have been fully briefed, (Doc. Nos. 13, 15), and the case is now ripe for disposition.

## IV. STANDARD OF REVIEW

A district court's review of the Commissioner's decision is "quite limited[.]" *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005). To wit, the Court "must uphold a final agency determination unless [it finds] that [the decision] is not supported by substantial evidence in the record." *Id.*; 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Reefer v. Barnhart*, 326 F.3d 376, 379 (3d Cir. 2003) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). As long as the Commissioner's decision is supported by substantial evidence, it cannot be set aside even if this Court "would have decided the factual inquiry differently." *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). Thus, as the United States Court of Appeals for the Third Circuit noted, "[o]verall, the substantial evidence standard is a deferential standard of review." *Jones v. Barnhart*, 364 F.3d 501, 503 (3d Cir. 2004).

## V. DISCUSSION

Plaintiff raises several arguments in support of her motion for summary judgment. Specifically, she contends that the ALJ improperly: (1) concluded that she did not meet any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1; (2) weighed her treating physician's opinion; (3) assessed her residual functional capacity in spite of her "totally disabling pain"; (4) concluded that the her cardiac impairments were non-severe; and (5) found that she was not disabled as a result of the cumulative effect of all of her severe impairments. (See Doc. No. 12 at 4). The Court will address these contentions in turn.

### A. Listed Impairments

#### 1. Administrative Framework

Under the Social Security Act, a claimant seeking SSI payments must first demonstrate that he has a "disability." See *Ramirez v. Barnhart*, 372 F.3d 546, 550 (3d Cir. 2004); *Stunkard v. Sec'y of Health & Human Servs.*, 841 F.2d 57, 59 (3d Cir. 1988). A "disability" is defined as the "inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Ramirez*, 372 F.3d at 550. A claimant is considered to be unable to engage in substantial gainful activity "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); *Knepp v. Apfel*, 204 F.3d 78, 83 (3d Cir. 2000).

The Social Security Administration has promulgated a five-step process to determine

whether a claimant has a disability and is entitled to benefits. 20 C.F.R. §§ 404.1520, 416.920. Pursuant to this process:

> First, the Commissioner must determine whether the claimant has engaged in substantial gainful activity since his alleged disability onset date. 20 C.F.R. §§ 404.1520(b), 416.920(b). If not, the Commissioner next determines whether the claimant has an impairment or combination of impairments that is severe. Id. §§ 404.1520(c), 416.920(c). If the claimant has a severe impairment, the Commissioner considers whether the impairment meets the criteria of an impairment listed in Appendix 1 of 20 C.F.R. part 404, subpart P (the "Listings") or is equal to a listed impairment. If so, the claimant is automatically eligible for benefits; if not, the Commissioner proceeds to step four. Id. §§ 404.1520(d), 416.920(d). In step four, the Commissioner determines whether, despite the severe impairment, the claimant retains the residual functional capacity to perform his past relevant work. Id. §§ 404.1520(e), (f), 416.920(e), (f). The claimant bears the ultimate burden of establishing steps one through four. Ramirez v. Barnhart, 372 F.3d 546, 550 (3d Cir. 2004). At step five, the burden of proof shifts to the Social Security Administration to show that the claimant is capable of performing other jobs existing in significant numbers in the national economy, considering the claimant's age, education, work experience, and residual functional capacity. Id. at 551.

*Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 91-2 (3d Cir. 2007).

### 2. ALJ's Decision

In the instant matter, Plaintiff asserts that the ALJ erred in the third step of the analysis because he improperly concluded that she did not meet any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.[1] Plaintiff, however, provides no meaningful discussion of why or how the ALJ erred. (See Doc. 13 at 3).[2] Plaintiff's present position is also contrary to the position

---

[1] After thorough discussion of the record evidence and Listing requirements, the ALJ concluded that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments[.]" (See Doc. No. 6-2 at 12-14).

[2] The entirety of Plaintiff's discussion of the issue consists of Plaintiff twice suggesting that the following question be answered affirmatively: "WHETHER THE ALJ ERRED IN HIS CONCLUSION THAT THE CLAIMANT DID NOT MEET A LISTING A LISTING [sic] IN APPENDIX I, SUBPART P, REGULATION 4, SPECIFICALLY SECTIONS: 1.00, MUSCULOSKETAL [sic] SYSTEM; 3.00, RESPIRATORY SYSTEM; 4.00 CARDIOVASCULAR SYSTEM AND 12.00 MENTAL HEALTH IMPAIRMENTS OR ANY OTHER LISTED IMPAIRMENT?" (See Doc. No. 13 at 3, 5).

taken by her counsel during the hearing before the ALJ; namely, that Plaintiff did *not* meet or equal any listed impairment.[3] The claimant bears the ultimate burden of proof at this third step. *Ramirez*, 372 F.3d at 550; see also *Davis v. Comm'r of Soc. Sec.*, 105 F. App'x 319, 323 (3d Cir. 2004). "For a claimant to show that his impairment matches a listing, it must meet *all* of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990) (emphasis in original). Moreover, for a claimant to prove that his impairment is equivalent to a listing, he must "proffer medical findings which are equal in severity to all the criteria for the one most similar listed impairment." *Stremba v. Barnhart*, 171 F. App'x 936, 938 (3d Cir. 2006) (citing *Sullivan*, 493 U.S. at 530).

Upon review, this Court concurs with the ALJ's conclusion that Plaintiff fell well short of her burden of proving that her impairments met or equaled one or more listed impairment. Plaintiff presented no evidence at the hearing to establish that she met or equaled the criteria for any listed impairment, see *supra*, n.3, nor has Plaintiff presented any new evidence to support an alternative conclusion by this Court. Because the ALJ's conclusion is supported by substantial evidence, the Court will uphold the ALJ's decision in this respect.

### B.    Treating Physician's Opinion

Plaintiff next argues that the ALJ improperly weighed her treating physician's opinion. Specifically, Plaintiff contends that the "ALJ failed to give appropriate weight to the treatment notes and opinions of Dr. Ejianreh, [sic] his determination the claimant couldn't work[.]" (Doc. No. 13 at 7). As the Third Circuit has explained, "the opinions of treating physicians should be given

---

[3] The ALJ asked, "Do you think your client meets or equals a specific listing that I should look at?" (Doc. No. 6-2 at 48). Plaintiff's counsel responded, "No, Your Honor." (*Id.*).

great weight[.]"*Johnson v. Comm'r of Soc. Sec.*, 398 F. App'x 727, 735 (3d Cir. 2010) (citing *Rocco v. Heckler*, 826 F.2d 1348, 1350 (3d Cir. 1987)). However, an ALJ "may reject a treating physician's opinion outright . . . on the basis of contradictory medical evidence." *Johnson*, 398 F. App'x at 735 (citing *Plummer v. Apfel*, 186 F.3d 422, 186 F.3d at 429); see also 20 C.F.R. § 416.927(d)(2). Furthermore, a physician's opinion as to whether a claimant is capable of working or should receive disability benefits is not entitled to controlling weight because that determination is reserved for the Commissioner. *Russo v. Astrue*, 421 F. App'x 184, 191 (3d Cir. 2011) (citing *Adorno v. Shalala*, 40 F.3d 43, 47-8 (3d Cir. 1994) ("We recognize, of course, that a statement by a plaintiff's treating physician supporting an assertion that she is 'disabled' or 'unable to work' is not dispositive of the issue."); see also 20 C.F.R. § 416.927(e).

Here, Plaintiff contends that the ALJ did not properly credit her treating physician's opinion regarding her inability to work. (Doc. No. 13 at 7).[4] The treating physician's opinion as to this ultimate issue, however, is not controlling because such conclusions are expressly reserved for the Commissioner. Moreover, the ALJ properly found that the physician's opinion was contradicted by objective medical evidence of record. See *Becker v. Comm'r of Soc. Sec.*, 403 F. App'x 679, 686 (3d Cir. 2010) (citing *Plummer*, 186 F.3d at 429, for the proposition that an ALJ "may reject the treating physician's assessment if such rejection is based on contradictory medical evidence").[5] The ALJ appropriately considered the treating physician's opinion, and the Court will uphold the ALJ's decision in this respect because it is supported by substantial evidence.

---

[4] The ALJ noted that "Dr. Ejianreh reported the claimant could work *from no hours to part time*[.]" (Doc. No. 6-2 at 18) (emphasis added).

[5] The ALJ did not reject all of Dr. Ejianreh's findings and opinions outright; rather, he incorporated Dr. Ejinareh's medically supported findings into his residual functional capacity assessment and rejected his conclusion on the ultimate issue, Plaintiff's ability to work. (See Doc. No. 6-2 at 17-18).

## C. "Totally Disabling Pain"

Plaintiff also contends that the ALJ erred in finding that Plaintiff could "perform work at the sedentary exertional level" and that she was not disabled as a result of her "totally disabling pain." (Doc. No. 13 at 16).[6] Pursuant to regulations promulgated by the Commissioner, such "[a]llegations of pain and other subjective symptoms must be supported by objective medical evidence." *Hartranft*, 181 F.3d at 362 (citing 20 C.F.R. § 404.1529). If the ALJ concludes that a medical impairment that could reasonably cause the alleged symptoms exists, the ALJ must then attempt to ascertain and evaluate the severity of the claimant's pain as well as the degree to which it may limit the claimant's ability to perform various types of work. *Id.*; *Scatorchia v. Comm'r of Soc. Sec.*, 137 F. App'x 468, 471 (3d Cir. 2005). This inquiry "obviously requires the ALJ to determine the extent to which a claimant is accurately stating the degree of pain or the extent to which he or she is disabled by it." *Hartranft*, 181 F.3d at 362 (citing 20 C.F.R. § 404.1529(c)). When the ALJ evaluates the claimant's credibility, he may consider "the individual's daily activities" and "the consistency of the individual's own statements." *Scatorchia*, 137 F. App'x at 471 (citing Social Security Ruling 96-7p).

Instantly, the ALJ appropriately considered Plaintiff's medical impairments, the resultant symptoms, and their limiting effect on Plaintiff. (See Doc. No. 6-2 at 6-8). The ALJ concluded that Plaintiff's self-reported "activities of daily living, along with the clinical and objective findings, are inconsistent with an individual experience totally debilitating symptomatology." (Doc. No. 6-2 at 7). To support this conclusion, the ALJ noted, *inter alia*: (1) the various and physically demanding

---

[6] In fact, Plaintiff claims that all of the issues raised in her motion for summary judgment are "related to the ALJ's purported failure to adequately and accurately consider the affect [sic] of claimant's allegations of totally disabling pain has [sic] on the determination of her ability or inability to perform substantial gainful activity." (Doc. No. 13 at 5).

household chores Plaintiff performs on a regular basis; (2) the lack of evidence of muscle atrophy, "which suggests the claimant moves about on a fairly regular basis" despite claims of totally disabling pain; (3) Plaintiff's "sparse work history" prior to the alleged onset of disability, which "does not enhance the credibility of her subjective allegations"; and (4) a treating physician's assessment. (See id. at 7-9). Substantial evidence supports the ALJ's conclusion that Plaintiff was not suffering from "totally disabling pain"; therefore, the Court will uphold the ALJ's decision in this respect.

### D. Cardiac Impairments

Plaintiff also contends that the ALJ erred by concluding that her "cardiac impairments" were not severe. (Doc. No. 13 at 9).[7] "An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities." *McCrea v. Comm'r of Soc. Sec.*, 370 F.3d 357, 360 (3d Cir. 2004) (citing 20 C.F.R. § 416.921(a)). Basic work activities include "physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling." *McCrea*, 360 F.3d at 360 (citations omitted). Further, the Plaintiff bears the ultimate burden of proving the existence of a severe impairment. See *Ramirez*, 372 F.3d at 550.

In the instant matter, the ALJ properly examined the results from three separate cardiovascular examinations, which indicated that Plaintiff has minimal tricuspid insufficiency, trace aortic insufficiency, and minimal luminal irregularities. (See Doc. No. 6-2 at 11). The ALJ also considered Plaintiff's self-reported "chest discomfort" and "heart palpitations" that were

---

[7] In particular, she claims that "[t]he evidence of record substantiates [her] issues with heart and palpitations. And she is treated for same with medication." (Doc. No. 13 at 9). Plaintiff does not object to the ALJ's conclusion that she has the following severe impairments: lumbar spine degenerative disc disease, fibromyalgia, left carpal tunnel syndrome,

8

successfully treated with medication, before ultimately concluding that these cardiac impairments were not severe. (*Id.*). Plaintiff has presented no evidence or explanation: (1) contradicting the ALJ's reasoned consideration of this issue; or (2) satisfying her burden of proving that these cardiac impairments significantly limit her ability to perform basic work activities. Therefore, the Court will uphold the ALJ's decision in this respect as supported by substantial evidence.

### E. Cumulative Effect of Severe Impairments

According to Plaintiff, the ALJ also erred in finding that she is not disabled as a result of the cumulative effect of all of her severe impairments. (Doc. No. 13 at 11).[8] In particular, she contests the ALJ's residual functional capacity assessment[9] and claims that she is incapable of performing "work at any exertion level" or meeting "the demands of work in a competitive environment" because of her depression, anxiety, and "insidious back pain." (*Id.*). Residual functional capacity ("RFC") is defined as "the most [a claimant] can still do despite [] limitations." *Russo*, 421 F. App'x at 186 (quoting 20 C.F.R. § 416.945(a)). "In making a residual functional capacity determination, the ALJ must consider all evidence before him[.]" *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 122 (3d Cir. 2000). An ALJ may also consult a vocational expert to testify in response to hypothetical questions about whether a person suffering from the claimant's medical impairment(s) is capable of performing substantial gainful activity. See 20 C.F.R. § 404.1560(b)(2);

---

chronic obstructive pulmonary disease, anxiety, and depression. (See *id.*; Doc. No. 6-2 at 11).

[8] Plaintiff's supporting brief states: "Finally, the regarding [sic] the claimants [sic] impairments when taken in combination where The [sic] ALJ failed to take into consideration the affect [sic] of the claimant's numerous impairments listed herein would have on her ability to perform substantial gainful activity. The claimant is treated [sic][.]" (Doc. No. 13 at 11).

[9] The ALJ concluded that Plaintiff was limited to a "sedentary range of work" and "occupations requiring no more than simple, routine, repetitive tasks, not performed in a fast-paced production environment, involving only simple, work-related decisions, and in general, relatively few work place changes." (Doc. 6-2 at 15).

*Rutherford*, 399 F.3d at 554.

In his decision, the ALJ properly considered Plaintiff's various physical and mental impairments and limitations while assessing her RFC. (See Doc. No. 6-2 at 15-18). The ALJ also posed hypothetical questions to the vocational expert regarding the jobs which could be performed by someone with Plaintiff's limitations, and ultimately concluded that Plaintiff is not disabled because she is "capable of making a successful adjustment to . . . work that exists in significant numbers in the national economy." (See *id.* at 18-9). The ALJ's RFC determination appropriately accounted for Plaintiff's mental and emotional limitations by restricting her potential occupations to simple, non-stressful work environments. See *supra*, n. 9. Plaintiff's allegations of totally disabling pain were also appropriately excluded from the RFC determination because, as discussed above at length, the ALJ properly discredited these allegations. Therefore, the ALJ's decision will be upheld because it is supported by substantial evidence.

## VI. CONCLUSION

The Commissioner's decision denying Plaintiff's application for SSI is supported by substantial evidence. Accordingly, Plaintiff's Motion for Summary Judgment (Doc. No. 12) is **DENIED**, Defendant's Motion for Summary Judgment (Doc. No. 14) is **GRANTED**, and the decision of the Commissioner is **AFFIRMED**. The following Order will issue:

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TINA L. CROTSLEY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MICHAEL J. ASTRUE, )<br>COMMISSIONER OF SOCIAL )<br>SECURITY, )<br>)<br>Defendant. ) | CIVIL ACTION NO. 3:10-88<br>JUDGE KIM R. GIBSON |

## ORDER

**AND NOW**, this 21st day of October, 2011, this matter coming before the Court on the parties' cross-motions for summary judgment, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. No. 12) is **DENIED** and Defendant's Motion for Summary Judgment (Doc. No. 14) is **GRANTED**. In accordance with the applicable provisions of 42 U.S.C. §§ 405(g) and 1383(c)(3), the decision of the Commissioner of Social Security is hereby **AFFIRMED**.

BY THE COURT:

/s/ Kim R. Gibson

**KIM R. GIBSON,**
**UNITED STATES DISTRICT JUDGE**